UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pamela S. Johnson, <br> Plaintiff, <br><br> v. <br><br> Sandpiper Independent & Assisted Living – Delaware, LLC d/b/a Sandpiper Courtyard, <br> Defendant. | CASE NO.: _____ <br><br> **COMPLAINT** <br> **(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the EEOC on or about August 29, 2022.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Pamela S. Johnson, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4. The Defendant, Sandpiper Independent & Assisted Living – Delaware, LLC d/b/a Sandpiper Courtyard, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about September 22, 2020, the Plaintiff began working for the Defendant as a Medical Technologist.

11. The Plaintiff had previously been diagnosed with Sjogren's syndrome, an autoimmune disease. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. In or about January 2021, the Plaintiff informed her supervisor, Lamona Strong, of her disability, presented her with a doctor's note, and requested two reasonable accommodations: (1) to avoid heavy lifting and (2) periodic time off from work for doctor's appointments and blood work.

13. Despite Plaintiff informing her supervisor of her condition, supplying her with the necessary documentation and requesting reasonable accommodations, Ms. Strong would repeatedly direct Plaintiff to work "floor duty" which required Plaintiff to lift heavy patients.

14. Between January and April 2021, Plaintiff's typical work schedule included having every other Friday off. Based on that schedule, the Plaintiff scheduled a doctor's appointment for Friday, April 23, 2021 (one of the Fridays she typically would have had off from work). The day before her appointment, the Plaintiff sent Ms. Strong a message reminding her that she would have to be off the next day.

15. When the Plaintiff contacted Ms. Strong on Sunday, April 25, 2021, to obtain her work schedule for the upcoming week, Ms. Strong informed the Plaintiff that she was terminated for not showing up to work the preceding Friday.

16. The Plaintiff was therefore terminated in direct disregard for her request for a reasonable accommodation and also in retaliation for requesting the same. Any other stated reasons for Plaintiff's termination are pretextual in nature.

17. At all times relevant to this Complaint, the Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the ADA – Failure to accommodate**

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

20. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

21. As a result of her disability, the Plaintiff requested the reasonable accommodations of (1) to avoid heavy lifting, and (2) periodic time off from work for blood work and doctor's appointments.

22. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

23. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the ADA – Retaliation**

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

26. Plaintiff's requested accommodations were made in good faith and constitutes protected activity under the ADA.

27. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

28. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

29. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

30. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

*(Signature on following page)*

                                    **WIGGER LAW FIRM, INC.**

                                    s/ *Emily Hanewicz Tong*
                                    Emily Hanewicz Tong (Fed. I.D. #12177)
                                    Attorney for the Plaintiff
                                    8086 Rivers Avenue, Suite A
                                    North Charleston, SC  29406
                                    t: (843) 553-9800
                                    f: (843) 203-1496
                                    e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
November 16, 2022.